870 A.2d 759

**John M. PERZEL, Speaker of the Pennsylvania House of Representatives, and Samuel H. Smith, Majority Leader of the Pennsylvania House of Representatives, Appellants**

v.

**Pedro A. CORTES, Secretary of the Commonwealth of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Submitted on Briefs Dec. 14, 2004.

Decided April 1, 2005.

Linda J. Shorey, Brian J. Preski, David R. Overstreet, John P. Krill, Jr., Harrisburg, for John M. Perzel.

Leonidas Pandeladis, Gregory E. Dunlap, Harrisburg, Leslie Anne Miller, Philadelphia, for Pedro A. Cortes.

Reizdan B. Moore, Harrisburg, for Rep. H. William DeWeese, House Minority Leader.

Before: CAPPY, C.J., CASTILLE, NIRGO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## *OPINION*

Justice NEWMAN.

We granted a request to exercise extraordinary jurisdiction in this matter so that we could consider the validity of a Writ of Election issued by John M. Perzel, Speaker of the Pennsylvania House of Representatives (Speaker Perzel) and Samuel H. Smith, Majority Leader of the House of Representatives (Majority Leader Smith) (collectively, "Appellants") to Pedro A. Cortes, Secretary of the Commonwealth of Pennsylvania (the Secretary). They issued the Writ following the adjournment *sine die* of the House on November 30, 2004, but prior to the House convening for the 2005–2006 session. Because we determined that the Writ was valid, we issued an Order on December 20, 2004, directing the Secretary to obey the Writ. This Opinion is in support of the Order.

## Facts and Procedural History

On December 6, 2004, Representative Kelly Lewis (Representative Lewis) of the 189th Legislative District, which consists of parts of Monroe and Pike Counties, sent a letter to Majority Leader Smith indicating his formal resignation from his position. Appellants issued a Writ of Election to the Secretary and the Boards of Elections of Monroe and Pike Counties on December 7, 2004, setting February 8, 2005, as

the date for a special election to fill the vacancy in the 189th Legislative District.

Article II, Section 2 of the Pennsylvania Constitution provides, "[w]henever a vacancy shall occur in either House [of the General Assembly], the presiding officer thereof shall issue a writ of election to fill such vacancy for the remainder of the term." Section 628 of the Election Code, 25 P.S. § 2778, states in relevant part:

Whenever a vacancy shall occur in either house of the General Assembly whether or not it then be in session, the presiding officer of such house shall, within ten (10) days after the happening of the vacancy, issue a writ of election to the proper county board or boards of election and to the Secretary of the Commonwealth, for a special election to fill said vacancy, which election shall be held at the next ensuing primary, municipal or general election scheduled at least sixty (60) days after the issuance of the writ or such other earlier date which is at least sixty (60) days following the issuance of the writ as the presiding officer may deem appropriate.

25 P.S. § 2778.[1] Rule 1 of the Rules of the House of Representatives of the Commonwealth of Pennsylvania (January 2003) provides that the Speaker is the presiding officer. Speaker Perzel was elected Speaker for the 2003–2004 Legislative Session.[2] He recognized that an argument might be made that he was no longer Speaker once the 2003–2004 session adjourned, and therefore was not the presiding officer of the House when Representative Lewis resigned. For that reason, both Appellants issued the Writ on December 7, 2004, relying on Section 21.13 of the Act of January 10, 1968, P.L. (1967) 925, *as amended,* 46 P.S. § 42.121m, which provides, "If any vacancy shall occur during the recess of the Legislature in

---

1. The original version of the statute was enacted in 1934. The requirement that the presiding officer issue the writ of election within ten days of the vacancy was added February 13, 1998, P.L. 72, No. 18, § 5, imd. effective.

2. On November 9, 2004, the House Republican Caucus, which is composed of members elected at the November 2, 2004 General Election, unanimously elected Speaker Perzel as the Majority Caucus candidate for Speaker. The Speaker will not be elected until January 4, 2005 when the 2005–2006 Legislative Session begins.

the office of the Speaker of the House of Representatives, the duties of said office shall be performed by the Majority Leader of the House of Representatives." [3]

On December 8, 2004, the Secretary returned the Writ of Election to Appellants based on his conclusion that the Writ was invalid. The Secretary explained that members of the House serve a term of two years beginning December 1 after their election. Accordingly, the term of members elected in the November 2002 General Election expired on November 30, 2004, as did the term of the Speaker elected by those former members. The terms of office of the individuals elected to the House on November 2, 2004 began on December 1, 2004. However, the House has not convened since it adjourned *sine die* on November 30, 2004. The Secretary concluded that no one, including the House leaders, has been sworn or seated as a member of the House. Until the oath of office is administered to the elected individuals on Tuesday, January 4, 2005, and until those seated members elect their officers, the Secretary opined that neither Appellant could exercise the powers and duties of a Representative or officer of the House.

On December 9, 2004, Judge Bruce F. Batton of the Court of Common Pleas of Dauphin County administered the oath of office to Majority Leader Smith in the hall of the House pursuant to Article VI, Section 3 of the Pennsylvania Constitution.[4] Appellants reissued the Writ the same day. In a letter to the Secretary that accompanied the reissued Writ, Majority Leader Smith recognized that technically the Secretary might be correct that no Speaker had yet been elected for the 2005–2006 term. He informed the Secretary of his swearing in

---

**3.** Majority Leader Smith was elected Majority Leader for the 2003–2004 Legislative Session. On November 9, 2004, the members of the House Republican Caucus unanimously reelected him to the position.

**4.** Article VI, Section 3 provides:

Senators, Representatives and all judicial, State and county officers shall, before entering on the duties of their respective offices, take and subscribe the following oath or affirmation before a person authorized to administer oaths.

"I do solemnly swear (or affirm) that I will support, obey and defend the Constitution of the United States and the Constitution of this Commonwealth and that I will discharge the duties of my office with fidelity."

earlier in the day and reminded him of the aforementioned Section 21.13 of the Act of January 10, 1968, P.L. (1967) 925, *as amended,* 46 P.S. § 42.121m, which provides, "If any vacancy shall occur during the recess of the Legislature in the office of the Speaker of the House of Representatives, the duties of said office shall be performed by the Majority Leader of the House of Representatives."

The Secretary responded by letter dated December 10, 2004, in which he rejected the reissued Writ, again asserting that there was no presiding officer in the House who had legal authority to issue the Writ. He also disagreed with the relevance of Section 21.13m of the Act of January 10, 1968, P.L. (1967) 925, *as amended,* 46 P.S. § 42.121m, because it discusses the role of the Majority Leader if there is a vacancy in the office of the Speaker when the House is in recess. He noted that the instant matter does not involve a recess, but instead an adjournment *sine die.*

On December 13, 2004, Appellants filed a Petition for Review in the Nature of an Action for Declaratory Judgment and in Mandamus in the Commonwealth Court. They also filed an Application for Special and Summary Relief in the Nature of a Declaratory Judgment and Peremptory Mandamus. The following day, they filed an Application for Expedited Extraordinary Relief with this Court, which we granted on December 20, 2004.[5,6]

> The oath or affirmation shall be administered to a member of the Senate or to a member of the House of Representatives in the hall of the House to which he shall have been elected.
> Any person refusing to take the oath or affirmation shall forfeit his office.

**5.** Section 726 of the Judicial Code, 42 Pa.C.S. § 726, provides:

> Notwithstanding any other provision of law, the Supreme Court may, on its own motion or upon petition of any party, in any matter pending before any court or district justice of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done.

**6.** House Minority Leader H. William Deweese filed a Petition for Leave to Intervene, which this Court denied on December 22, 2004.

### Discussion

■ Both Appellants signed the Writs at issue in this matter. At the time that Speaker Perzel signed the Writs, the House was in adjournment, and the individuals elected to serve during the 2005–2006 Legislative Session had not convened to elect a Speaker. Although the House Republican Caucus had unanimously elected Speaker Perzel as its candidate for Speaker, his election was not a *fait accompli*, because any member of the House who garners sufficient votes may be elected to the office. Accordingly, when Representative Lewis resigned from his position, there was a vacancy in the office of Speaker. As previously noted, Section 628 of the Election Code provides that when a special election is necessary, the presiding officer of the House "shall ... issue a writ of election ... to the Secretary of the Commonwealth," "whether or not [the House] then be in session." Recognizing that no Speaker had yet been elected, Appellants relied on Section 21.13 of the Act of January 10, 1968, P.L. (1967) 925, *as amended,* 46 P.S. § 42.121m, which provides, "If any vacancy shall occur during the recess of the Legislature in the office of the Speaker of the House of Representatives, the duties of said office shall be performed by the Majority Leader of the House of Representatives." Applicability of Section 21.13 to the instant situation depends on whether there was a vacancy in the office of Speaker, whether Majority Leader Smith was able to carry out the duties of the Majority Leader when he signed the Writs and whether the time period in question was a recess.

■ The Secretary takes the position that because the individuals elected at the November 2004 General Election have not been sworn and seated, and have not elected a Speaker, there is no vacancy in the office of Speaker as the term is used in Section 21.13. Section 1903 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903 provides in rele-

vant part that "[w]ords ... shall be construed according ... to their common and approved usage." Webster's Third New International Dictionary defines "vacancy" as "3a: a vacating of an office, post, or piece of property b: the state of such when vacated or vacant c: the time such office or property is vacant." It also defines "vacant" as "1: not filled or occupied by an incumbent, possessor, or officer." Based on the dictionary definition, it is apparent that a vacancy in the office of Speaker existed at the time that Appellants issued the Writs.

■ The Secretary does not dispute that the House Republican Caucus has reelected Majority Leader Smith to his office for the 2005–2006 Legislative Session. He also recognizes that Judge Batton administered the oath of office to the Majority Leader on December 9, 2004. While he expresses some doubts about the process, he "regards issues pertaining to the seating of an individual member of the House to be matters solely within the jurisdiction of the members of the House." Answer to Application for Expedited Extraordinary Relief at 9. Accordingly, Majority Leader Smith is the "Majority Leader of the House of Representatives" as that term is used in Section 21.13.[7]

■ The Secretary has challenged the applicability of Section 21.13 because he asserts that a recess and an adjournment *sine die* are distinct. In *Frame v. Sutherland,* 459 Pa. 177, 327 A.2d 623 (1974), this Court was faced with interpreting Article IV, Section 8 of the Pennsylvania Constitution, which at the time provided, "[e]xcept as may now or hereafter be otherwise provided in this Constitution as to appellate and other judges, [the Governor] may, during the recess of the Senate, fill vacancies happening in offices to which he appoints

7. Attached to the Petition for Review filed in the Commonwealth Court is a Declaration by Ted Mazia (Mazia), the Chief Clerk of the House. Mazia notes that since 1967, when the Pennsylvania Constitution was amended, it has been the practice of the House that if the Speaker for the prior term of the General Assembly is re-elected, and if that Speaker's party remains the majority party, that individual continues to carry out the duties of Speaker from December 1 until noon on the first Tuesday of January when the House is constitutionally required to meet.

by granting commissions expiring at the end of its session[.]" [8] In an Opinion by Justice Roberts with two justices joining and a fourth justice concurring in the result, this Court, in *Frame* held that with respect to the Governor's ability to make recess appointments, "recess" means final adjournment *sine die.* Applying the rationale of *Frame* to the instant matter, Section 21.13 would permit the Majority Leader to issue a writ to the Secretary while the General Assembly is in adjournment.

 A significant issue raised by Appellants is that the Secretary, as a member of the executive branch of government, does not have the power or authority to determine the validity of a writ issued to him by the Legislature. The Pennsylvania Constitution vests no powers or duties in the Secretary.[9] The general powers and duties of the Secretary with respect to elections are set forth in Section 201 of the Election Code:

Powers and duties of the secretary of the commonwealth

The Secretary of the Commonwealth shall exercise in the manner provided in this act all powers granted to him by this act, and shall perform all the duties imposed upon him by this act, which shall include the following:

(a) To determine, in accordance with the provisions of this act, the forms of nomination petitions and papers, expense accounts and all other forms and records, the form of which he is required to determine under the provisions of this act.

(b) To examine and reexamine the voting machines, and to approve or disapprove them for use in this State, in accordance with the provisions of this act.

**8.** Article IV, Section 8 now refers to an appointment made "during a recess or after adjournment *sine die*[.]"

**9.** Article IV, Section 1 of the Pennsylvania Constitution provides, "The Executive Department of this Commonwealth shall consist of a Governor, Lieutenant Governor, Attorney General, Auditor General, State Treasurer, and Superintendent of Public Instruction and such other officers as the General Assembly may from time to time prescribe." The 1967 amendment deleted from the list of officers the "Secretary of the Commonwealth" and the "Secretary of Internal Affairs," and added "such officers as the General Assembly may from time to time prescribe."

(c) To certify to county boards of elections for primaries and elections the names of the candidates . . . , and the form and wording of constitutional amendments or other questions to be submitted to the electors of the State at large.

(d) To receive and determine, as hereinafter provided, the sufficiency of nomination petitions, certificates and papers of candidates. . . .

(e) To receive such reports from county boards of election as are required by this act, and to demand such additional reports on special matters as he may deem necessary.

(e.1) To receive from county boards of elections information on voting system errors or difficulties or other election data pursuant to regulation.

(f) To receive from county boards of elections the returns of primaries and elections, to canvass and compute the votes cast for candidates and upon questions as required by the provisions of this act; to proclaim the results of such primaries and elections, and to issue certificates of election to the successful candidates at such elections, except in cases where that duty is imposed by law on another officer or board.

(f.1) To develop a voluntary professional certification and poll worker training program for county election officials in consultation with county boards of elections.

(g) To perform such other duties as may be prescribed by law.

(h) To establish a system to remedy complaints regarding the administration of the provisions of Title III of the Help America Vote Act of 2002 (Public Law 107–252, 42 U.S.C. § 15481 et seq.).

25 P.S. 2621.

With respect to special elections, the Secretary prescribes the form of nomination certificates, Section 630 of the Election Code, 25 P.S. § 2780, examines the legal sufficiency of nomination certificates and papers brought to his office, Section 631 of the Election Code, 25 P.S. § 2781, and certifies to the county board of elections thirty days before the date of the

special election the names, residences of and parties or political bodies represented by candidates, Section 636 of the Election Code, 25 P.S. § 2786.

Appellants assert that the Secretary has no authority to question or determine the validity of a writ for a special election; rather, his role is to carry out the mandatory ministerial duties set forth by the Election Code. They further aver that the Secretary's rejection of the writ based on his determination that Appellants lacked authority to issue it is an intrusion by the executive branch into the province of the legislature, and thus violates the doctrine of separation of powers. We agree. The authority to issue a writ for a special election for a vacant seat in the General Assembly is vested exclusively in that body pursuant to Article II, Section 2 of the Pennsylvania Constitution. No branch shall exercise authority exclusively vested in another branch. *Sweeney v. Tucker*, 473 Pa. 493, 375 A.2d 698 (1977). In the instant matter, the Speaker last-elected and the Majority Leader of the House determined that joint issuance of a Writ of Election was the appropriate manner in which to fulfill the requirements of Article II, Section 2 of the Pennsylvania Constitution for directing a special election, and more specifically the requirement of Section 628 of the Election Code that the writ be issued within ten days of the vacancy. Rejection of the Writ of Election by the Secretary was an act unsupported by constitutional or statutory authority, and accordingly offends the separation of powers.

## Conclusion

For these reasons, we granted the requested relief to Appellants and directed the Secretary to carry out the directives set forth in the Writ of Election dated December 9, 2004.